**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RANDY R. HARRIS, | No. 20-35842 |
| Plaintiff-Appellant, | DC No. 3:19-cv-06015-MAT |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted September 1, 2021[**]
Seattle, Washington

Before:     HAWKINS, TASHIMA, and McKEOWN, Circuit Judges.

Randy Harris appeals the judgment of the district court affirming the

decision of the Commissioner of Social Security denying his applications for

disability insurance benefits and supplemental security income.  We have

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we review the decision of the Administrative Law Judge ("ALJ") for substantial evidence, *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996), and we affirm.

1.      The parties agree that the ALJ reopened Harris' previous final determinations. The ALJ therefore could not have abused his discretion by failing to do so. Harris suggests that "the ALJ erred by failing to include in the hearing transcript all of the evidence from Harris's prior applications." Harris, however, has not identified any evidence that the ALJ excluded nor has Harris explained how he may have been harmed by such exclusion. He has therefore demonstrated neither error nor prejudice therefrom. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless.").

2.      The ALJ did not fail properly to evaluate the opinion of Dr. Leinenbach. First, although the ALJ did not include in the residual functional capacity ("RFC") assessment Dr. Leinenbach's opinion that Harris could walk for only four to six hours in an eight-hour workday, he included in the assessment Dr. Hale's opinion that Harris could stand and walk six hours total in an eight-hour workda, which Dr. Hale concluded was consistent with Dr. Leinenbach's opinion. The RFC assessment therefore adequately accounted for Dr. Leinenbach's opinion.

Second, although the ALJ did not include in the RFC assessment that Harris cannot feel with his right hand, Harris was not prejudiced by this omission, because feeling is not a requirement of any of the three jobs identified by the vocational expert. *Cf. Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) ("[T]o the extent the ALJ's RFC finding erroneously omitted Stubbs-Danielson's postural limitations (only occasional balancing, stooping, and climbing of ramps and stairs), any error was harmless since sedentary jobs require infrequent stooping, balancing, crouching, or climbing.").

Third, the ALJ did not fail to explain how Harris could perform modified light work notwithstanding Dr. Leinenbach's observations that "Gait is irregular," "Tandem gait is unsteady," and "Romberg test is positive." Dr. Leinenbach was in the best position to interpret his own clinical observations and findings, and his conclusion that Harris could "stand without limitation" and "walk for a total of 4-6 hours in an 8-hour workday" was consistent with his clinical findings as a whole. In addition to the observations singled out by Harris, Dr. Leinenbach noted that Harris was "in no acute distress," "walks into the examination room without assistance," "can get on and off the examination table without assistance," "walks with slow, deliberate steps," "favors the right leg somewhat," "can stand on heels and toes," and "can squat without assistance." Dr. Leinenbach also noted an

absence of dysmetria, that heel to shin testing was unremarkable, that no assistive device was required, that muscle strength was five out of five in the lower extremities, that muscle bulk and tone were normal, and that no foot drop was observed.

3.      Harris argues that the other medical evidence supports a finding of disability.  Even assuming arguendo that this is the case, however, the ALJ's contrary interpretation of this evidence must be upheld because it is supported by substantial evidence.  *See Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." (quoting *Burch*, 400 F.3d at 679)).

4.      The ALJ did not fail properly to evaluate the opinion of Dr. Hale. First, Harris has not pointed to any inconsistencies between Dr. Hale's opinion and Dr. Leinenbach's opinion.  Thus, the principle that "the opinion of an examining physician must be afforded more weight than the opinion of a reviewing physician," *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014), has no application here.  Second, although Harris argues that "Dr. Hale never considered or accounted for Harris's testimony about his symptoms and limitations," Harris has not pointed to any authority requiring Dr. Hale to do so.  In any event, the

4

record makes clear that Dr. Hale *did* consider Harris' "Claimant-supplied Information" about his symptoms and limitations.

5. The ALJ offered "specific, clear and convincing reasons," supported by substantial evidence, for discounting Harris' testimony about the severity of his symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Smolen*, 80 F.3d at 1281). These reasons included: (1) Harris' daily activities, including his part-time work; (2) treatment notes showing "sporadic, routine, conservative" treatment, and in which "his treatment providers do not describe him as exhibiting disabling physical or cognitive limitations"; Harris' inconsistent statements about his use of illicit drugs; and the opinion of Dr. Leinenbach, an examining physician. Although Harris contends that his statements regarding drug use were consistent, on at least one occasion, he denied using illicit drugs.

6. Because the ALJ's evaluation of the medical evidence and testimony is supported by substantial evidence, we reject Harris' contentions that the ALJ improperly determined his RFC and erred at step five in the sequential process.

The judgment of the district court is **AFFIRMED**.